THE STATE, EX REL. COOK ET AL., *v.* BOARD OF EDUCATION OF PORTSMOUTH CITY SCHOOL DISTRICT.

(Decided November 16, 1939.)

*Mr. Aronhold C. Schapiro,* for relators.
*Mr. Ernest G. Littleton,* for respondent.

GILLEN, J. Relators instituted an action, originating in this court, wherein they seek a writ of mandamus to command respondent to admit Richard Cook as a pupil in the Grant Junior High School in the Portsmouth City School District. It appears from the agreed statement of facts that Richard Cook, son of the relators, is a boy of school age residing in the Clay Township Rural School District of Scioto county, Ohio, and that he has been assigned to attend a school in that district more than four miles from his residence by the nearest direct route of public travel; that

the Portsmouth City School District is an adjoining district and maintains a school which includes the eighth grade which is located at a nearer distance to his residence than the school to which he is assigned. The school district of his residence is a centralized school district and transportation is furnished Richard Cook to the school to which he is assigned. The Portsmouth City School District refused to admit him as a pupil and no agreement has been made by relators or Richard Cook to pay tuition to such district.

It is agreed that the school to which Richard Cook is assigned is chartered by the Director of Education of the state of Ohio as a six-year high school of the first grade, and that Grant School, a school in the school district of the respondent, nearer to his residence than the school to which he is assigned, is chartered and recognized as a junior high school.

Section 7735, General Code, provides as follows:

''When pupils live more than one and one-half miles from the school to which they are assigned in the district where they reside, they may attend a nearer school in the same district, or if there be none nearer therein, then the nearest school in another school district, in all grades below the high school. In such cases the board of education of the district in which they reside must pay the tuition of such pupils without an agreement to that effect. But a board of education shall not collect tuition for such attendance until after notice thereof has been given to the board of education of the district where the pupils reside. Nothing herein shall require the consent of the board of education of the district where the pupils reside, to such attendance.''

Section 7748-1, General Code, provides as follows:

''When a board of education maintains a junior high school recognized as such by the director of education

it shall not be required to pay the tuition of a pupil to a high school in another district, except such as may live more than four miles by the most direct route of public travel from such junior high school and nearer to a high school in another district, until such pupil has completed a ninth grade curriculum in such junior high school within the district.

"Transportation laws which apply to elementary school pupils shall apply to pupils of the seventh and eighth years in a junior high school organization; transportation laws which apply to high school pupils shall apply to pupils of the ninth year in a junior high school organization."

For a great many years it has been provided by law that elementary school pupils may attend a nearer school within or without the district if they live more than one and one-half miles from the school to which they are assigned. The law to that effect was first enacted in 1892. 89 Ohio Laws, 233. That was before the day of centralization of schools and before any provision was made by law authorizing boards of education to transport pupils to school. In 1904, after the centralization of schools and transportation of pupils was authorized, the law referred to above was amended so as to provide that when pupils were transported to the school to which they were assigned, the provision with reference to their attending a nearer school, if they lived more than one and one-half miles from the school to which they were assigned, did not apply. Both these provisions were contained at that time in Section 4022a, Revised Statutes. When the statutes were codified in 1910, Section 4022a was codified as Sections 7735, 7736 and 7737 of the General Code. When the Legislature enacted the school foundation law in 1935 the provisions of Section 7735, General Code, were retained but Sections 7736 and 7737, General Code, were repealed. It is urged that since Section 7737 was repealed the provisions of Section 7735

confer on relators the absolute right to send their son to the Portsmouth school at the expense of his home district. It is urged that in the event Richard Cook is found to be an eighth grade pupil of the elementary school his right to attend the Portsmouth school is fixed by the provisions of Section 7735, General Code, and that in the event he is found to be a junior high school pupil his right to attend is controlled by the provisions of Section 7748-1, General Code. Respondent adopts the view that in either event, if transportation be furnished by the local board, Richard Cook must attend the school to which he is assigned in the district of his residence or else attend a school outside such district at his own expense.

Section 7731, General Code, provides that all resident elementary school pupils living more than two miles from the school to which they are assigned shall be furnished transportation by the local board.

Section 7764, General Code, provides as follows:

"The child in his attendance at school shall be subject to assignment by the principal of the public school or superintendent of schools as the case may be, to the class in elementary school, high school or other school, suited to his age and state of advancement and vocational interest, within the school district; or, if the schooling is not available within the district, without the school district, provided the child's tuition is paid and provided further that transportation is furnished in the case he lives more than two miles from the school, if elementary, or four miles from the school, if a high school or other school. The transportation of high school pupils under this section shall be in accordance with the provisions of 7749-1. The board of education of the district in which the child lives shall have power to furnish such transportation. Provided, however, that when a high school pupil shall attend a high school other than that to which such pupil has been assigned, the transportation and tuition shall be based

on the cost of the transportation and tuition incident to attendance at the school to which they shall have been assigned.''

Section 7749, General Code, provides:

''When the elementary schools of any rural school district in which a high school is maintained are centralized and transportation of pupils is provided, all pupils resident of the rural school district who have completed the elementary school work shall be entitled to transportation to the high school of such rural district, and the board of education thereof shall be exempt from the payment of the tuition of such pupils in any other high school for such a portion of four years as the course of study in the high school maintained by the board of education includes.''

Section 7749-1, General Code, provides:

''The board of education of any district, except as provided in Section 7749, may provide transportation to a high school within or without the school district; but in no case shall such board of education be required to provide high school transportation except as follows: If the transportation of a child to a high school by a district of a county school district is deemed and declared by the county board of education advisable and practicable, the board of education of the district in which the child resides shall furnish such transportation.''

In order to ascertain the legislative intent with respect to the question here presented the provisions of Section 7735 and Section 7748-1, General Code, must be construed in the light of the other sections of the General Code quoted above. It has been the policy of the Legislature, as expressed by legislative enactment, to provide for the establishment and maintenance of an efficient system of schools throughout the state and to equalize educational advantages for children of school age. The provisions of Section 4022a, Revised Statutes, as codified in Section 7735, General Code, ex-

isted prior to the time the centralization of schools began and before transportation of pupils was provided. It is true that Section 7737, General Code, which nullified the provisions of Section 7735, General' Code, in all cases where transportation is furnished, was repealed by the Legislature in 1935. This statute, however, was unnecessary since Section 7731, General Code, requires the local board of education to provide transportation for pupils living a certain distance from the school and Section 7764, General Code, authorizes school authorities to assign all pupils to the proper school within the district. This view is more clearly expressed in the provisions of Section 7749, General Code, the language of which leads to the inescapable conclusion that elementary pupils in a district wherein a centralized school is located and transportation is furnished are not given the additional right to attend a school in another district and have their tuition paid by the district of their residence. Any other construction of this statute would defeat all efforts of a local board in centralizing its schools. It is not the intent of the Legislature to burden a local board with tuition charges to other districts when adequate school facilities and privileges are furnished at home. We do not deem it necessary to determine whether Richard Cook is an eighth grade pupil of the elementary school or an eighth grade pupil of a junior high school since the principle of transportation is controlling in either event. In a school district where adequate school facilities are available and transportation furnished as required by law an elementary pupil residing in such district does not have the absolute right to select a school in another district and compel his local board to pay his tuition.

We have carefully examined the case of *State, ex rel. Bd. of Edn. of Roundhead Rural School District,* v. *Dietrich, Dir.,* 135 Ohio St., 566, 21 N. E. (2d), 668, and are of the opinion that the issue presented in the case

at bar was not there determined by the court. The question decided was whether the average daily attendance of thirty-three non-resident pupils should be included in the basis of apportionment of the state public school fund for 1939. It was admitted by agreement that such pupils properly attended the school in question under authority of Section 7735, General Code, notwithstanding the fact that transportation was furnished by the board of education of the district of their residence. This issue having been agreed to, the court was not called upon to determine whether such pupils under the circumstances presented had the absolute right to select a school in another district.

It is the judgment of this court that a local board of education is fully authorized by statute to provide adequate school facilities for all pupils residing in the district controlled by such board and may assign such pupils to the proper school within such district provided transportation be furnished such pupils as may be entitled to same under the statutes. When any local board of education exercises its option and provides adequate school facilities, as is true in the case at bar, pupils residing within such district must avail themselves of the facilities so furnished and do not have the absolute right to select a school in another district at the expense of the local board.

The relief sought by relators is denied.

*Writ denied.*

BLOSSER, P. J., and McCURDY, J., concur.